## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CR. NO.  11-112-M |
| v. | ) | |
| | ) | |
| DAMIEN GOUSE, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Damien Gouse's Motion to Suppress (ECF No. 18) "any and all evidence seized and statements given" by him after his arrest on November 29, 2007. Mr. Gouse alleges that two Providence Police officers illegally stopped him and then searched his vehicle without probable cause.  The United States objects (ECF No. 22) asserting that the stop was based on the police officers' observation that Mr. Gouse committed two traffic infractions, to wit, making turns without the use of a turn signal, and that the subsequent search of Mr. Gouse's vehicle was a legal search based on their plain view of the evidence.  This Court held an evidentiary hearing on March 14, 2013, at which the two Providence Police officers, Detective Patrick Potter and Detective Kristopher Poplaski, testified.  (ECF No. 29.)  Mr. Gouse also testified.  Four exhibits were introduced as full exhibits.[1]

The two detectives told a simple and consistent story.  They were in their marked police cruiser parked in the Olneyville neighborhood of Providence when they observed a vehicle make a turn without using a directional signal.  (ECF No. 29 at 10, 46.)  The police then traveled

---

[1] These are: the traffic citation issued to Mr. Gouse that evening; an aerial view of the area in question; and two photos of Mr. Gouse's car. (ECF No. 24.)

behind the vehicle when they observed it make a quick turn into a parking lot, again without using a directional signal. (*Id.* at 11, 46.) After observing the second traffic violation, the officers activated their vehicle's overhead lights and siren in order to pull Mr. Gouse's vehicle over to investigate. (*Id.* at 11-12, 47.)

As the officers approached the vehicle, they saw Mr. Gouse reach across the middle console and saw him attempt to conceal items. (*Id.* at 13, 48.) Detective Poplaski shined his flashlight inside the vehicle and saw a clear plastic bag of what he recognized to be crack cocaine and a black handgun. (*Id.* at 48, 50.) The officers then removed Mr. Gouse from the vehicle and arrested him. (*Id.* at 14, 50.)

Mr. Gouse testified that he used his directional signal prior to both turns, (*id.* at 76, 79-80), and therefore argues that the stop was illegal because the police did not have probable cause to stop his vehicle. (ECF No. 18 at 6.) Mr. Gouse asserts that any subsequent drugs and guns found in the vehicle and any subsequent statements made by him to the police were fruits of an illegal stop and therefore the Court should suppress the evidence. (*Id.* at 6-8.)

In essence, the Court's consideration of this matter comes down to the question of which account of the stop and arrest of Mr. Gouse it believes. If the Court believes the police officers' account, then the stop, search, and seizure were all legal and the evidence admissible. If the Court believes Mr. Gouse, then there was no probable cause for the stop, any evidence seized and statements given were the fruits of an illegal stop, and they must be suppressed.

After hearing and observing the testimony of all the witnesses at the suppression hearing, this Court found the officers' testimony to be credible and worthy of belief. The two officers testified consistently and appeared to the Court to be truthful. Moreover, their testimony about observing the traffic infractions was consistent with the citation they gave Mr. Gouse that

evening.  (Government Exhibit No. 1.)   On the other hand, Mr. Gouse's testimony was not believable or credible.  He admitted to lying to the police officers that evening.  (*Id.* at 94-95.) His credibility was further called into question by the long list of felony convictions he acknowledged at the suppression hearing.  (*Id.* at 96 – 99.)

This Court finds that the stop of Mr. Gouse was a legal traffic stop based on probable cause and that the subsequent seizure of the drugs and gun from the vehicle and his custodial statements were the result of a legal, plain view search.  Based on these findings, Mr. Gouse's Motion to Suppress (ECF No. 18) is DENIED.


IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

April 22, 2013