UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR No. 1-11-00112-M |
| | ) | |
| DAMIEN GOUSE, | ) | |
| Defendant | ) | |
| | ) | |

MEMORANDUM AND ORDER

Before the Court are Damien Gouse's motions for a new trial pursuant to

Rule 33 of the Federal Rules of Criminal Procedure (ECF No. 84) and his motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  ECF No. 85.

Mr. Gouse asks the Court to grant him a new trial, or, alternatively, to vacate his

sentence due to errors of law and ineffective assistance of counsel both at the trial

and appellate levels.  The Court finds no merit to either of Mr. Gouse's motions and

thus they are DENIED.

I.    FACTS

Providence Police stopped Mr. Gouse's car in November of 2007.  The police

found a handgun and a bag of suspected narcotics in the car.  Mr. Gouse was

indicted by the federal government for being a felon in possession of a firearm,

under 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[1]  The parties stipulated that Mr. Gouse

had a prior felony on his record such that evidence of the first element of the crime

— being a felon in possession of a firearm – was not put before the jury.  ECF No.

---

[1]  The latter statute is commonly called the Armed Career Criminal Act ("the
ACCA"), which creates an enhanced mandatory minimum penalty when a
defendant has three or more prior violent felonies.

73 at 42-43.  The case went to trial and a jury found Mr. Gouse guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1).  ECF No. 52. In the course of litigation, the Government chose not to press for the enhanced penalty of fifteen years that is available under the ACCA.  The Court subsequently imposed a sentence of 120 months incarceration,[2] followed by three years of supervised release, according to the default penalty provision in 18 U.S.C. § 924(a)(2)[3], which applies to the criminal statute that Mr. Gouse was convicted of violating.  ECF No. 62.

Mr. Gouse appealed to the First Circuit Court of Appeals on a single issue, arguing a violation of the Interstate Agreement on Detainers (IAD), which was denied.  *United States v. Gouse*, 798 F.3d 39 (1st Cir. 2015).  He next sought certiorari in the United States Supreme Court, which was also denied.  *United States v. Gouse*, 136 S.Ct. 283 (2015).  He now brings the instant motions pursuant to Rule 33 of the Federal Rules of Criminal Procedure for a new trial, and 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## II.    ANALYSIS OF RULE 33 CLAIM

Rule 33 states that upon defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A motion grounded on any reason other than newly discovered evidence

---

[2]  The sentencing guideline range for Mr. Gouse was 140-175 months, but the statutory maximum was 120 months.
[3]  Title 18 U.S.C. § 924(a)(2) provides: (a) Except as otherwise provided in this subsection... (2) Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

must be filed within fourteen days of the verdict of guilty.  Fed. R. Crim. P. 33(b)(2).
A defendant arguing for a new trial based on discovery of new evidence, however,
has three years from the verdict.  Fed. R. Crim. P. 33(b)(1).  The fourteen day limit
would bar a Rule 33 motion in this case, therefore, unless Mr. Gouse can show that
the discovery of new evidence and the interest of justice require the Court to vacate
judgment and order a new trial.  *See id.*  He cannot, and thus his motion for a new
trial fails.

   The First Circuit adheres to a well-established four-pronged test, sometimes
referred to as the "Wright test," to evaluate requests for new trial on the basis of
newly discovered evidence.  *United States v. Montilla-Rivera*, 115 F.3d 1060, 1064-
65 (1st Cir. 1997); *United States v. Wright*, 625 F.2d 1017 (1st Cir. 1980).  The four
factors are: (i) that evidence was unknown or unavailable at time of trial despite (ii)
due diligence, and that (iii) the evidence was material, not merely cumulative or
impeaching, and that (iv) the evidence would likely result in an acquittal upon
retrial.  *United States v. Natanel*, 938 F.2d 302, 313 (1st Cir. 1991).  For each
prong, the defendant carries the burden of proof.  *See Montilla-Rivera*, 115 F.3d at
1064-65; *Wright*, 625 F.2d at 1019.  Courts in the First Circuit have no discretion to
grant a new trial if any one of these four factors is missing.  *See Natanel*, 938 F.2d
at 313.

   Mr. Gouse, in his affidavit and memorandum filed in support of this motion,
offers very little that — even when liberally construed — could be considered newly
discovered evidence.  Mr. Gouse contends that his indictment, trial, conviction, and

3

sentencing were improper,[4] but the only newly discovered evidence he cites is a conversation he had with an "inmate law clerk" who told Mr. Gouse, presumably after reviewing his case, that he has "seen some ugly mistakes from the courts, but this is one of the uglier ones . . . ." ECF No. 84 at 2.  Applying the Wright test to this statement, the Court finds that Mr. Gouse has failed in his burden.  First, a conversation with a fellow inmate about whether mistakes were made in his indictment, trial, conviction, or sentence hardly qualifies as evidence as to his factual innocence.  Even if, *arguendo*, the inmate's opinion was "evidence," by Mr. Gouse's own admission, the basis for the opinion, i.e. the details of the indictment, trial, conviction, and sentence, were readily known and available at the time of trial.  ECF No. 84 at 1-2.  Although it is not necessary to address all four components of the test to disqualify the potential evidence, *see Natanel*, 938 F.2d at 313, the "evidence" was not material to the case.  The inmate's opinion was, at most, an impeachment of the Court and Mr. Gouse's lawyer.  Finally, the "evidence" in the form of an inmate's opinion was not remotely likely to result in acquittal at retrial.

Therefore, because the Court finds that Mr. Gouse has failed in his burden to show that there is newly discovered evidence justifying a new trial under Rule 33, his motion is DENIED.

---

[4] The analysis of those procedural questions is treated more fully below in section III.

4

III.   ANALYSIS OF § 2255 CLAIM

The core of Mr. Gouse's claim for relief under § 2255 is that his sentence was illegal due to the prosecutor's misconduct in committing procedural errors in the indictment and the Court's errors at sentencing.   He also claims ineffective assistance of counsel at both the trial level, for not raising the alleged errors to the Court, and at the appellate level, for failing to communicate with him on strategy, and failing to raise the same alleged errors.   The Court will begin with a brief primer on the standard of review on § 2255 motions before analyzing Mr. Gouse's claims.

Generally, the grounds justifying post-conviction relief under § 2255 are limited.   A court may grant relief pursuant to § 2255 in instances where the sentencing court lacked jurisdiction, committed a constitutional error, or if the sentence is otherwise subject to collateral attack. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).   Such collateral attacks require the petitioner to demonstrate "exceptional circumstances" that warrant redress under § 2255. *See Hill v. United States*, 368 U.S. 424, 428 (1962).   This might include an error of law, but only when "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S. at 185 (internal quotation and citation omitted).

A.   Claims Based on Errors of Law

Mr. Gouse argues that he should not have been sentenced under § 924(a)(2) because he was not indicted for violating it and the jury did not find him guilty of it.

ECF No. 86 at 7.  Further, he mistakenly claims that he was found guilty of being an armed career criminal under § 924(e)(1).  *Id.*  Thus, he illogically asserts, the verdict was legally and procedurally in error and the Court erred in imposing the ten year sentence instead of sentencing in accordance with the ACCA.

These perceived errors do not amount to fundamental defects.  There are two major flaws in Mr. Gouse's argument.  The first flaw in his argument on the faulty indictment and conviction involves a misperception of the distinct roles of judge and jury in a criminal proceeding.  It is the function of the jury to act as fact-finder, determining witness credibility and weighing evidence, then applying the law as the Court instructs.  *Shannon v. United States*, 512 U.S. 573, 579 (1994).  If the jury makes a determination of guilt, it is the Court's province to sentence the offender within the prescribed limitations and according to the dictates of justice.  *Id.*  As such, the jury made no finding with respect to the applicable penalty provision.  According to this well-established division of labor, the jury found Mr. Gouse guilty of violating 18 U.S.C. § 922(g)(1), the criminal statute he was indicted under, and the Court properly sentenced him according to § 924(a)(2), the particular sentencing provision that applied to the statute he violated.  *See Shannon*, 512 U.S. 579.  The Court finds no error here.

The second flaw is that Mr. Gouse was not found guilty of being an armed career criminal, but for being a felon in possession of a firearm.  ECF No. 52.  The indictment merely cited 18 U.S.C. 924(e)(1) (the ACCA) to give notice to Mr. Gouse of the potential period of incarceration he could face if successfully prosecuted under

it. It was a sufficient indictment, therefore, since it provided him with a reasonable certainty as to the nature of the charge against him, and enabled him to prepare an adequate defense. *See, e.g., United States v. Hurley*, 63 F.3d 1, 8 (1st Cir. 1995) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Moreover, the ACCA reference became irrelevant because the Government did not attempt to prove the required three violent felonies, and the jury was never asked to make a finding as to Mr. Gouse's career criminal status.[5]

Mr. Gouse was indicted for the felon in possession charge, knew the potential penalties he faced, proceeded to trial on the single charge based on the parties' agreement to not present the ACCA violation to the jury, and was convicted. Even if Mr. Gouse is correct that the Court erred in sentencing, there is no plausible argument that this defect amounts to a complete miscarriage of justice. The Court sentenced him to ten years under the default provision (28 U.S.C. § 924(a)(2)), not under the ACCA, which would have increased his sentence to fifteen years. The Court set the sentence to run concurrently to a sentence imposed by the Commonwealth of Massachusetts, thereby further reducing his overall incarceration time. It would be a paradoxical position indeed if Mr. Gouse were to assert that by receiving a significantly more lenient sentence, he is in fact the victim of procedural or legal errors. Therefore, Mr. Gouse's adjudication neither contained fundamental defects not resulted in a complete miscarriage of justice.

---

[5] Government's Exhibit 6 and the jury trial transcripts memorialize the stipulation between the parties that Mr. Gouse had a prior felony for purposes of the felon in possession charge at trial in exchange for not pressing the ACCA charge. ECF No. 73 at 42-43.

B.      Ineffective Assistance of Counsel

Mr. Gouse's next claim for relief is that his counsel at both the trial court and appellate levels were ineffective such that his constitutional rights were violated. "The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *Lema v. United States*, 987 F.2d 48, 51 (1st Cir. 1993) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).   The performance standard guaranteed by the Constitution is "that of reasonably effective assistance under the circumstances then obtaining." *Natanel*, 938 F.2d at 310.   To demonstrate that he was deprived of his Sixth Amendment right to effective assistance of counsel, Mr. Gouse must show both: 1) that his counsel's performance fell below an objective standard of reasonableness; and 2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 694.   The standard of judicial scrutiny on such a claim is highly deferential in favor of counsel's performance of their duties. *Id.* at 689.   *Strickland* asserts that the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).   Furthermore, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

In light of this standard, the Court examines Mr. Gouse's claims of ineffective assistance with the representation that Mr. Gouse received. Mr. Gouse faults his trial counsel for failing to object to the Presentencing Report (PSR), sentence, or indictment. ECF No. 86 at 5-6. The record indicates otherwise. Significantly, at the sentencing hearing, Mr. Gouse responded affirmatively when asked whether he had reviewed the PSR with his attorney and indicated that he had no questions or issues at that time. ECF No. 74 at 2-3. In addition, the docket reflects that his trial attorney filed numerous motions,[6] made appropriate arguments before the Court, produced exhibits, and professionally examined witnesses at trial on Mr. Gouse's behalf. Given the deferential standard with which the Court must view counsel's conduct, the challenged actions here can be considered sound trial strategy, falling within the wide range of reasonable professional assistance. *See Strickland,* 466 U.S. at 689. The Court finds that Mr. Gouse has failed under the *Strickland* objective test to show that his trial attorney's performance fell below an objective standard of reasonableness.

Mr. Gouse next argues, with some vehemence, that his appellate attorney violated his Sixth Amendment rights by failing to communicate with him about his appeal and failing to raise his sentencing, indictment, and ineffective assistance of trial counsel errors. ECF No. 86 at 5-6. He excoriates his attorney for not taking his calls, returning his letters, or communicating with him in other respects. *Id.* Essentially, Mr. Gouse argues that the outcome of his appeal would have been

---

[6] *See* ECF Nos. 6, 13, 17, 18, 21, 33, 35, 36, 41, 43, 57, and 63.

different if his counsel had listened to him and followed up on the points of error he perceived both pretrial and at trial. But, because both this Court and the First Circuit Court of Appeals have already rejected many if not all of those perceived errors, the Court cannot now determine that Mr. Gouse's appellate counsel's strategy was unreasonable or rose to the level of unprofessional error. *Cf. Bucci v. United States*, 662 F.3d 18, 31 (1st Cir. 2011) (holding that counsel must balance limited time, energy, or financial resources in accord with effective trial tactics and strategies).

"[T]he Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense." *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994). Moreover, in light of the Court's determination that Mr. Gouse has no grounds to challenge his trial, sentencing, and trial counsel's representation, his appellate attorney's conduct was objectively reasonable and thus consistent with the *Strickland* test. Yet even assuming that Mr. Gouse could prove that his appellate attorney was not objectively reasonable, in light of the Court's review of the record and consideration of all of Mr. Gouse's claims for relief under Rule 33 and § 2255, it is not reasonably probable that, but for counsel's errors, Mr. Gouse's results would have been different.

## IV.   CONCLUSION

The Court DENIES Mr. Gouse's Motion for New Trial pursuant to Rule 33. ECF No. 84. Additionally, the Court DENIES and DISMISSES the writ under § 2255 for post-conviction relief. ECF No. 85.

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
United States District Judge
June 29, 2016